UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA



Filed / Docketed
May 13, 2009

IN RE:

QUARLES, CONSTANCE N.,

                Debtor.

Case No. 04-11059-R
Chapter 7

### ORDER DETERMINING APPLICABILITY OF AUTOMATIC STAY

Before the Court is the Motion for Determination of Applicability of Automatic Stay and Notice of Opportunity for Hearing (Doc. 76) (the "Motion") filed by Movants George W. Caldwell, M.D., and Emergency Care, Inc. ("Movants") on March 3, 2009. The Chapter 7 Trustee, Patrick J. Malloy III (the "Trustee"), filed his Objection . . . to Motion for Determination of Applicability of Automatic Stay (Doc. 81) (the "Objection") on March 20, 2009, and his Brief in Support of Objection of Chapter 7 Trustee to Motion for Determination of Applicability of Automatic Stay (Doc. 83) on April 13, 2009. On April 13, 2009, the Movant and the Trustee filed a Stipulation (Doc. 84) in which they submitted certain stipulated facts to the Court for consideration in connection with the Motion and Objection. The Court heard oral argument on April 15, 2009, and thereafter took the matter under advisement.[1]

---

[1] The parties also stipulated that although their request for declaratory relief falls within the scope of Bankruptcy Rule 7001, they nevertheless consent to proceeding by motion, thereby waiving any procedural benefits of an adversary proceeding for the sake of expediency. The Court will treat the Motion and Objection as a Complaint and Answer, and enter a judgment accordingly.

**Jurisdiction**

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A), (G) and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Undisputed facts**

The relevant undisputed or stipulated facts are as follows:

On September 19, 2001, Connstance N. Quarles ("Quarles") filed a wrongful death lawsuit against Movants in Tulsa County District Court in connection with the death of her husband.  Stipulation, ¶ 3.  Quarles voluntarily dismissed the suit without prejudice in January 2002.  Id.

On January 8, 2003, Quarles, individually and as surviving spouse of James O. Quarles, refiled the wrongful death action against Movants, again in Tulsa County District Court (the "Lawsuit").  Stipulation, ¶ 2.

On February 26, 2004, Quarles filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed to administer her bankruptcy estate. Stipulation, ¶ 1.  Quarles did not list her interest in the wrongful death claim on Schedule B nor did she disclose the Lawsuit in her Statement of Financial Affairs. Stipulation, ¶ 4. On June 10, 2004, Quarles received a Chapter 7 discharge, and on June 30, 2004, the bankruptcy case was closed.  Stipulation, ¶ 5.  The Trustee was not aware of the wrongful death claim or the Lawsuit when he filed his Final Report.  Id.

Movants' attorneys learned that Quarles had filed bankruptcy through an internet search.  Stipulation, ¶ 6. On September 9, 2005, Movants filed a motion to dismiss the

2

Lawsuit on grounds that Quarles was not the real party in interest and that Quarles should be judicially estopped from pursuing the wrongful death claim due to her failure to disclose the claim on her bankruptcy schedules. Id.

On October 7, 2005, the Trustee moved to reopen Quarles's bankruptcy case, which motion was granted on October 12, 2005. Stipulation, ¶ 7. On November 1, 2005, Quarles filed an amended Schedule B to disclose the wrongful death claim as an asset, an amended Schedule C to claim an exemption in the amount of $50,000 in the wrongful death claim, and an amended Statement of Financial Affairs to disclose the existence of the Lawsuit. Id. Because no one objected to Quarles's claim for exemption in the wrongful death claim, her exemption was allowed by operation of law. Stipulation, ¶ 8.

In November 2005, the Trustee was permitted to enter an appearance in the Lawsuit as the real party in interest. See Motion to Dismiss Improper Party Plaintiff and Motion for Partial Summary Adjudication and Brief in Support, attached to Stipulation as Exhibit A, at 6, ¶ 21. Thereafter, the style of the Lawsuit was changed to reflect that the Trustee was the sole plaintiff. Motion, ¶ 11; Objection, ¶ 1.

In December 2005, Movants filed a motion to vacate this Court's order reopening Quarles's bankruptcy case, which was denied, and Movants appealed the order denying the motion to the United States District Court and then to the Tenth Circuit Court of Appeals. Stipulation, ¶¶ 12, 13. Ultimately, the Tenth Circuit concluded, in similar case, that defendants in a lawsuit commenced by a debtor which was not disclosed in the debtor's schedules do not have standing to appeal an order reopening a bankruptcy case for the purpose of administering the lawsuit. Stipulation, ¶ 13. Thus, Movants appeal to the Tenth

Circuit was dismissed because Movants lacked standing to appeal the order reopening Quarles's bankruptcy case. Id.

In June 2008, this Court authorized the Trustee to employ special counsel to prosecute the Lawsuit on behalf of the estate. Stipulation, ¶ 14. This Court also entered a deadline for the submission of claims to the Trustee. Stipulation, ¶ 15. Unsecured creditors filed claims totaling $5,836.71. Id. However, after the parties' Stipulation was filed, and after this Court heard the Motion and Objection, two additional claims against Quarles's bankruptcy estate were filed. James O. Quarles III and Sharron Elizabeth Joice each filed a claim in an unliquidated amount as "[b]eneficiary of wrongful death case # CJ-2003-139." Claims 4 and 5, filed herein on April 24, 2009, and April 27, 2009, respectively. Thus, the total amount of outstanding claims against the estate cannot be determined until the wrongful death claim is resolved.

On September 16, 2008, Movants filed in the Lawsuit their Motion to Dismiss Improper Party Plaintiff and Motion for Partial Summary Adjudication and Brief in Support. Stipulation, ¶ 16; motion attached to Stipulation as Exhibit A ("Motion for Partial Adjudication"). Movants first argued that Quarles should be dismissed as a plaintiff, because Quarles lacked standing and the Trustee was "the sole party charged with prosecuting the lawsuit." Motion for Partial Adjudication at 7. On September 28, 2008, Quarles was in fact dismissed as a plaintiff, and the Trustee was substituted as the sole plaintiff in the Lawsuit. In addition, Movants also contended that the Trustee's recovery from Movants should be limited to the amount of allowable creditors' claims and administrative expenses incurred in the bankruptcy case. Motion for Partial Adjudication at 7-13.

On November 10, 2008, the Tulsa County District Court held a hearing on the Motion for Partial Adjudication and granted the motion by virtue of a bench ruling that was not recorded. The parties could not agree on the content of an order memorializing the decision, however, and on April 2, 2009, a hearing was held on the Movants' motion to settle journal entry. Stipulation, ¶ 17. Following the April 2, 2009, hearing, an order memorializing the November 10, 2008, bench ruling was entered. Stipulation, ¶ 17; Order attached to Stipulation as Exhibit B (the "Order"). The transcript of the April 2, 2009, hearing has also been submitted for consideration by this Court as Exhibit C to the Stipualation ("Transcript").

The Order provides that "the Court determines that the Doctrine of Judicial Estoppel should be applied because of [Quarles's'] inconsistent representations to separate courts of law, and particularly due to her failure to disclose her claim filed against [Movants] in this action in [her] Chapter 7 bankruptcy proceeding. . . ." Order, ¶ 3. Further,

> [t]he Court also determines that, if this matter is submitted to a jury and if a verdict is returned for the plaintiff Trustee, the Court will, at that time, determine the effect of the application of the Doctrine of Judicial Estoppel. The Doctrine will be applied to prohibit any recovery against [Movants] above the amount necessary to completely and fully satisfy creditors' claims that have been properly submitted in the referenced Bankruptcy proceedings and properly submitted expenses of the bankruptcy estate.

Order, ¶ 4.

**Contentions of the parties**

The Trustee contends that the Order limits the Trustee's recovery on the Lawsuit and therefore "restrict[s] the Trustee's ability to fully prosecute the Lawsuit." Objection at 2. The Trustee alleges that the Movant's interference with the Trustee's administration of this

5

asset of the estate violates the stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In addition, the Trustee argues that the Order purports to control and limit the Trustee's distribution of the proceeds of the Lawsuit, if any, which again violates the automatic stay.

Movants recognize that the Lawsuit is an asset of the estate which the Trustee may prosecute for the benefit of the estate. However, Movants contend that Quarles's interests in the exempt portion of any recovery and in any residual (after all claims and administrative expenses are satisfied) are subject to Movants' judicial estoppel defense. Movants contend that the Tulsa County District Court's Order simply precludes Quarles from benefitting from the Lawsuit and does not purport to "obtain possession of" or "exercise control over" property of the estate.

**Legal analysis**

Section 362(a)(3) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). It is undisputed that the wrongful death claim is property of the estate, and that the Trustee is the sole party entitled to prosecute the wrongful death claim against Movants.

The Order purports to limit the Trustee's recovery from Movants based on conduct of Quarles in the bankruptcy case. By virtue of Movants' own motion, Quarles was dismissed as a party to the Lawsuit. Thus, the Motion for Partial Adjudication that resulted

in the Order was not directed to Quarles, nor was it served on Quarles.  See Motion for Partial Adjudication, Certificate of Service, at 14 (motion was served on Trustee and Trustee's counsel).  Instead, the Order granted the Motion for Partial Adjudication in favor of Movants and *against the Trustee*.  Order, ¶ 2.  Accordingly, the Order purports to restrict the Trustee's recovery, not Quarles's recovery.  To the extent that the Trustee prevails, the proceeds to which the Trustee would be entitled to recover from Movants will be diminished by virtue of the Order.  Proceeds of the Lawsuit constitute property of the estate; thus the Order purports to "exercise control over" property of the estate.  See 11 U.S.C. § 541(a)(6) (the bankruptcy estate includes proceeds derived from property of the estate).  Further, the Order "exercises control over" the Trustee's administration and distribution of the potential proceeds of the Lawsuit.  Section 726 of the Bankruptcy Code provides statutory mandates with respect to the Trustee's distribution of property of the estate.  See 11 U.S.C. § 726.

For the above reasons, the Court concludes that Movants obtained the Order in violation of the automatic stay, and to the extent the Order purports to limit or restrict the amount the Trustee may seek or recover from Movants, the Order is void.  See Ellis v. Consolidated Diesel Electric Corp., 894 F.2d 371, 372 (10th Cir. 1990).

Movants argue that they are entitled to assert the defense of judicial estoppel against Quarles, and that the application of the stay to avoid the Order deprives them of a valid defense because they most likely lack standing to object to the distribution of the proceeds to Quarles in this Court.  However, Movants successfully moved to dismiss Quarles from the Lawsuit, and therefore the Order only acts to restrict the ability of the Trustee to fully prosecute and recover an asset of the estate.  As the Bankruptcy Appellate Panel explained

in <u>Riazuddin v. Schindler Elevator Corp. (In re Riazuddin)</u>, 363 B.R. 177 (B.A.P. 10th Cir. 2007)–

> The general principle of bankruptcy law, that a trustee has no greater rights in an asset than the debtor, has been properly limited to pre-petition defenses to a cause of action that would have been applicable to a debtor if no bankruptcy case had been filed. The post-petition conduct of the Debtors, in omitting the claim from their schedules and failing to disclose it at the Section 341 meeting, does not relate to the merits of the personal injury claim and should not limit the Trustee's rights to pursue the claim that vested in the estate immediately upon the filing of the petition.

<u>Id</u>. at 188. Moreover, the fact that Movants may or may not have standing to object to the Trustee's distribution of proceeds to Quarles in this Court is not prejudicial to the Movants' rights, as "judicial estoppel is designed to protect the integrity of the court system, not any individual litigant." <u>Id</u>. at 186.

### Conclusion

Section 362(a)(3) of the Bankruptcy Code applies to preclude the Movants from exercising control over property of the estate. The Movants obtained the Order purporting to restrict the extent of the Trustee's recovery and to control the Trustee's distribution of proceeds of the wrongful death claim in violation of the stay, and as such, the restriction is void.

**SO ORDERED** this 13th day of May, 2009.

*[signature]*

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE